## J. Lachaud v. His Wife.

In a proceeding for a divorce, *a vinculo matrimonii*, based on a decree of separation from bed and board, obtained six years before, and on a continued abandonment, the absent spouse may be cited through a *curator ad hoc.*
C. C. 143.

APPEAL from the District Court of the Parish of Pointe Coupée, *Cooley J. W. Beatty*, for plaintiff and appellant. *Mahoudeau*, for defendant.

Spofford, J. Petitioner sued for a divorce, *a vinculo matrimonii*. He alleged that on the 15th February, 1848, he obtained a decree of separation from bed and board against his wife, in the District Court for the Parish of Pointe Coupée, where the present suit was brought; that the decree was based on the ground of abandonment of the conjugal domicil by the wife, and was preparatory to a divorce, which he hoped ultimately to obtain; that more than six years had elapsed since the rendition of said decree, and no reconciliation had since taken place, but that his wife still continued to reside in France; wherefore he prayed that she be cited to answer, through a curator *ad hoc.*

A curator *ad hoc* was appointed by the Judge, who excepted that upon the face of the petition it appeared that the court was without jurisdiction, and that the appointment of a curator *ad hoc* in the case was not sanctioned by law, as the defendant had no property in the State, and a judgment against her could not be executed.

The District Judge sustained the exception, and the plaintiff appealed.

The statute of March 19th, 1827, § 4, (Bul. and Cur. p. 285) authorizes a decree of divorce, *a vinculo*, upon proof of abandonment for the space of five years, and upon exhibiting a decree of separation of bed and board rendered two years previous to the application for divorce, with evidence that no subsequent reconciliation between the parties had taken place. By the Code abandonment is made a ground of separation from bed and board. In a suit of that character, if the defendant be absent the summonses to return and notifications of judgment must be made upon him or her at the place of residence of the attorney who shall be appointed to him or her for that purpose. C. C. 143.

The appointment of an attorney *ad hoc* to represent the absent spouse, who has abandoned the matrimonial domicil, and left the State, being specially authorized by law in the preliminary proceeding for separation, which forms the basis of an ultimate decree of divorce, when no reconciliation takes place, it is a reasonable inference that the same constructive citation was intended by the Legislature to be adopted in the final proceedings against the party who persists in such a violation of conjugal duty. *Cùm quid conceditur, conceditur et it per quod pervenitur ad illud.* Judgment reversed, exception overruled, and cause remanded for further proceedings, appellee paying costs of appeal.

BUCHANAN, J. dissenting, with whom concurred VOORHIES, J. The one hundred and fourteenth Article of the Constitution of 1852, has wisely prohibited the Legislature from granting divorces. It would not be difficult to demonstrate, that any State law which has granted a divorce, was a violation of the Constitution of the United States. Such a law impairs the obligation of a contract. To the judiciary belongs the power of declaring a contract annulled or no longer operative, upon the complaint of the party aggrieved, and after hearing all the parties and the evidence adduced by them respectively. But this high power is to be exercised strictly within the limits prescribed by law, more especially when the contract impeached is one which may, in many respects, be said to constitute the foundation of civilized society.

The suit is for a divorce, prayed for on the ground of a judgment of separation of bed and board, rendered six years previously.

If the separation was decreed, as alleged, on the ground of abandonment of the conjugal domicil, it is singular that the petition for separation should have stated, as alleged, that that suit was "merely preparatory to a divorce," for the form of proceeding sanctioned by our law in such cases, so far from being on its face a preparation for a divorce, is, on the contrary, an invitation to union. See Civil Code, Art. 141, and following. In that proceeding, the law allows an appointment of a curator *ad hoc* in case of absence from the State of the defendant. C. C. 143. But in a suit for divorce the law only authorizes the appointment of an attorney to represent the absent defendant in one case, viz: when the party defendant has been charged with an infamous offence, and has fled from justice. Act of 1832, Bull. & Curry, page 286. I conclude that the defendant cannot be brought into court through an attorney or curator *ad hoc* in any other case. The general principle upon which such appointments are made, has been most judiciously settled by the late Supreme Court, restricting greatly the loose practice which previously prevailed. A citation by a curator *ad hoc* is, at best, but a fiction of law, as such it cannot be recognized as binding except in cases distinctly and expressly pointed out by law.

I think the judgment should be affirmed.